# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. SCHOENBECK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 23-cv-01635-RSH-JLB<br><br>**ORDER GRANTING IN PART EX PARTE MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 35]** |

Before the Court is an *Ex Parte* Motion to Amend Scheduling Order filed by Defendant United States of America ("Defendant"). (ECF No. 35.) The Court held two Status Conferences to discuss the status of the case. (ECF Nos. 36, 39, 40, 41.) For the reasons discussed during the Status Conferences, the Court hereby **GRANTS IN PART** the *Ex Parte* Motion and modifies the Scheduling Order (ECF No. 28) as follows:

1. Counsel[1] shall refer to the Civil Pretrial and Trial Procedures for the Honorable Robert S. Huie, which are accessible via the Court's website at www.casd.uscourts.gov.

///

---

[1] "Counsel" shall be defined herein to include any party representing himself or herself.

2. All fact discovery shall be completed by all parties by **May 14, 2025**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.

Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules. **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute. *See* J. Burkhardt Civ. Chambers R. § V.

3. The parties shall designate their respective experts in writing by **June 4, 2025**. The parties must identify any person who may be used at trial to present evidence pursuant to Federal Rules of Evidence 702, 703 or 705. This requirement is not limited to retained experts. The date for designation of rebuttal experts shall be **June 16, 2025**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

///

4. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **July 7, 2025**. Any contradictory or rebuttal information shall be disclosed on or before **July 17, 2025**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

5. All expert discovery shall be completed by **August 7, 2025**. The parties shall comply with the same procedures set forth in Paragraph 2 concerning fact discovery.

6. All motions, other than motions *in limine* and *Daubert* motions shall be filed on or before **August 28, 2025**. Counsel for the moving party shall set the motion date 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Huie's chambers for a hearing date. The parties shall review Judge Huie's chambers rules for civil cases for the additional requirements for noticed motions before Judge Huie.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

7. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1f(2) by **November 12, 2025**.

8. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **November 12, 2025**. Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **November 19, 2025**.

///

10. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **November 26, 2025**.

11. The proposed pretrial order shall be lodged with the district judge's chambers on or before **December 4, 2025**, and shall be in the form prescribed in Local Rule 16.1.f.6.

12. The final Pretrial Conference is scheduled on the calendar of the **Honorable Robert S. Huie** for Thursday, **December 11, 2025** at **1:30 PM**. The Court will set a date for trial at the Pretrial Conference.

13. Failure to comply with these sections or any other discovery order of the Court may result in sanctions pursuant to Federal Rule of Civil Procedure 37, including but not limited to a prohibition on the introduction of experts or other designated matters in evidence.

14. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

15. All dates, deadlines, and requirements not otherwise modified by this Order remain in effect. (*See* ECF No. 28.)

**IT IS SO ORDERED.**

Dated: April 18, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge