# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. SCHOENBECK, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.: 23-cv-1635-RSH-JLB <br><br> **ORDER GRANTING MOTION TO WITHDRAW** <br><br> [ECF No. 58] |

Before the Court is a motion to withdraw filed by Plaintiff's counsel, Mitchell Leeds LLP ("MLP"). ECF No. 58. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court grants the motion.

## I.　BACKGROUND

On September 6, 2023, Plaintiff Thomas Schoenbeck filed this action initially proceeding *pro se*. ECF No. 1. Plaintiff subsequently retained MLP as counsel. ECF Nos. 6; 7. On March 4, 2025 and May 27, 2025, MLP filed motions to withdraw as Plaintiff's counsel. ECF Nos. 34; 45. The Court denied MLP's motions without prejudice, holding counsel had not filed a declaration as to how Plaintiff was served with these motions in

compliance with this District's Civil Local Rules. *See* Civil Local Rule 83.3(f)(3)(b); ECF Nos. 37; 49. On July 8, 2025, MLP filed the instant renewed motion to withdraw. ECF No. 58.

## II. ANALYSIS

### A. Compliance with Civil Local Rules

Under this District's Civil Local Rules, a motion to withdraw as attorney of record must: (1) be served on the adverse party and on the moving attorney's client; and (2) include a declaration pertaining to such service. Civil Local Rule 83.3(f)(3). "Failure to make [service] as required by this section or to file the required declaration of service will result in a denial of the motion." Civil Local Rule 83.3(f)(3)(b).

Here, Plaintiff's counsel, Nathaniel Leeds, filed a sworn declaration attesting that his office attempted to personally serve Plaintiff with MLP's withdrawal motion on June 12, 2025 and subsequently mailed a copy to Plaintiff's residence on June 27, 2025. ECF No. 58-2 at ¶¶ 4–5. The Court is further informed Plaintiff appeared at a status conference held before Magistrate Judge Jill Burkhardt on July 9, 2025 and had notice of counsel's intent to withdraw. For these reasons, the Court holds the requirements of Civil Local Rule 83.3(f)(3)(b) have been met.

### B. Grounds for Withdrawal

"In federal court, '[a]n attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court.'" *Novalk, LLC v. Kinsale Ins. Co.*, No. 22-CV-0290-BAS-LR, 2024 WL 4774887, at *1 (S.D. Cal. Nov. 13, 2024) (quoting *Garrett v. Ruiz*, No. 11-CV-2540-IEG WVG, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013)). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.* (internal quotation marks omitted).

///

Here, MLP's motion states that between August 2024 and March 2025, "irreconcilable differences" developed between counsel and Plaintiff resulting in "multiple, lengthy breakdowns in communication." ECF No. 58 at 2; ECF No. 58-1 ¶ 5. The Court is informed that at the July 9, 2025 status conference before Judge Burkhardt, Plaintiff did not object to counsel's withdrawal but disagreed with several of counsel's characterizations regarding the reasons for the breakdown. Under these circumstances, the Court finds good cause exists for MLP's withdrawal. *See Iskander v. Otay Mesa Det. Ctr.*, No. 24-CV-01572-GPC-VET, 2024 WL 4983155, at *2 (S.D. Cal. Dec. 3, 2024) (granting motion to withdraw as counsel of record based on "irreconcilable differences"); *Rebecca Bamberger Works, LLC v. Bamberger*, No. 24-CV-706 JLS (DDL), 2024 WL 4030681, at *2 (S.D. Cal. Sept. 3, 2024) (same).

## III. CONCLUSION

For the reasons above, the Court **GRANTS** MLP's motion to withdraw as counsel and **ORDERS** as follows:

1. The Clerk of Court is **DIRECTED** to update the docket to reflect: (1) the withdrawal of MLP as counsel for Plaintiff in this case; and (2) Plaintiff's current mailing address as set forth in counsel's declaration: 42675 Saint George Drive, Bermuda Dunes, California 92203.

2. MLP is **ORDERED** to serve a copy of this Order on Plaintiff and file a proof of service with the Court by no later than **July 15. 2025**.

**IT IS SO ORDERED.**

Dated: July 10, 2025

_____
Hon. Robert S. Huie
United States District Judge