```
 1
 2
 3
 4
 5
 6
 7
 8
 9
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THOMAS J. SCHOENBECK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 23-cv-01635-RSH-JLB<br><br>**ORDER GRANTING IN PART EX PARTE MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 50]** |
|---|---|

Before the Court is an *Ex Parte* Motion to Amend Scheduling Order filed by Plaintiff Thomas J. Schoenbeck ("Plaintiff"). (ECF No. 50.) Plaintiff requests that the Court vacate the deadlines contained in the Court's May 28, 2025, Scheduling Order and extend the discovery deadlines pending a new Case Management Conference with the participation of Plaintiff, Plaintiff's counsel, and Defendant United States of America ("Defendant"). (*Id.* at 1.) Defendant filed a response. (ECF No. 55.) On July 9, 2025, the Court held a hearing on the motion. (ECF No. 59.) As discussed during the hearing, the Court **GRANTS IN PART** the *Ex Parte* Motion, and amends the Scheduling Order (ECF No. 48) as follows:

///

1. Counsel[1] shall refer to the Civil Pretrial and Trial Procedures for the Honorable Robert S. Huie and the Civil Chambers Rules of the Honorable Jill L. Burkhardt, which are accessible via the Court's website at www.casd.uscourts.gov.

2. All fact discovery shall be completed by all parties by **September 5, 2025**. "Completed" means that all discovery under Rules 30–36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.

The parties shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). The Court expects the parties to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the parties shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.

Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules. **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute. *See* J. Burkhardt Civ. Chambers R. § V.

///

///

---

[1] "Counsel" shall be defined herein to include any party representing himself or herself.

3.  The parties shall designate their respective experts in writing by **October 3, 2025**. The parties must identify any person who may be used at trial to present evidence pursuant to Federal Rules of Evidence 702, 703 or 705. This requirement is not limited to retained experts. The date for designation of rebuttal experts shall be **October 17, 2025**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

4.  All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **November 14, 2025**. Any contradictory or rebuttal information shall be disclosed on or before **November 28, 2025**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

5.  All expert discovery shall be completed by **January 9, 2026**. The parties shall comply with the same procedures set forth in Paragraph 2 concerning fact discovery.

6.  A Mandatory Settlement Conference ("MSC") will be held by video conference[2] on **August 21, 2025**, at **1:45 PM** before **Magistrate Judge Jill L. Burkhardt**. **Mandatory directions for participating in the MSC by video conference are attached.** The purpose of the MSC is to permit an informal, candid discussion between the attorneys,

---

[2] If any party believes the MSC is more likely to be successful if conducted in-person, that party shall meet and confer on the issue with the other parties. After meeting and conferring, and no later than **60 days before the MSC**, the parties shall leave a joint voicemail with chambers at (619) 557-6624 indicating which of the parties requests an in-person MSC. In the voicemail, the parties shall leave three mutually available dates for a telephonic status conference to discuss whether the MSC should be held in-person. The final decision will be made by the Court.

parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve a mediated resolution of the case. All MSC discussions will be off the record, privileged, and confidential. *See* CivLR 16.3(h).

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[3] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**Counsel for a United States government entity** may be excused from this requirement so long as the government attorney who attends the MSC conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

**Failure to attend the MSC or obtain proper excuse will be considered grounds for sanctions.**

///

---

[3] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

7. No later than **21 days before the MSC**, the parties shall commence their exchange of formal settlement proposals, as required by § III.A. of Judge Burkhardt's Civil Chambers Rules. No later than **14 days before the MSC**, the parties shall meet and confer in person or telephonically, as required by § III.B. of Judge Burkhardt's Civil Chambers Rules.

8. No later than **August 11, 2025**, counsel (and any unrepresented parties) shall **lodge** confidential MSC statements with Judge Burkhardt's chambers via e-mail at efile_Burkhardt@casd.uscourts.gov. The parties' MSC statements shall comply with § III.C. of Judge Burkhardt's Civil Chambers Rules.

9. All motions, other than motions *in limine* and *Daubert* motions shall be filed on or before **February 6, 2026**. The moving party shall set the motion date 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Huie's chambers for a hearing date. The parties shall review Judge Huie's chambers rules for civil cases for the additional requirements for noticed motions before Judge Huie.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

10. The parties shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1f(2) by **May 7, 2026**.

11. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **May 7, 2026**. Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

12. The parties shall confer and take the action required by Local Rule 16.1.f.4.a on or before **May 14, 2026**.

13. Counsel for the Defendant must provide Plaintiff with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a

on or before **May 21, 2026**.

14. The proposed pretrial order shall be lodged with the district judge's chambers on or before **May 28, 2026**, and shall be in the form prescribed in Local Rule 16.1.f.6.

15. The final Pretrial Conference is scheduled on the calendar of the **Honorable Robert S. Huie** for Thursday, **June 4, 2026** at **1:30 PM**. The Court will set a date for trial at the Pretrial Conference.

16. Failure to comply with these sections or any other discovery order of the Court may result in sanctions pursuant to Federal Rule of Civil Procedure 37, including but not limited to a prohibition on the introduction of experts or other designated matters in evidence.

17. Plaintiff shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: July 11, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge

**Mandatory Directions for Zoom Video Conference Participation**

1. The Court will use its official ZoomGov video conferencing account to hold the MSC. **IF YOU ARE UNFAMILIAR WITH ZOOM:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[4] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC.[5] There is a cost-free option for creating a Zoom account.

2. Prior to the start of the MSC, the Court will e-mail each MSC participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that her or his device is plugged in or that a charging cable is readily available during the video conference. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

3. Each participant should plan to join the Zoom video conference **at least 5 minutes** **before** the start of the MSC to ensure that the MSC begins on time.

4. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC. That is, the Court will begin the MSC with

---

[4] If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[5] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[6] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5. As previously stated, MSCs are confidential court proceedings. All attendees must participate from a private and stable location where no individual who is not a party, a party representative, or an attorney for a party can overhear the proceedings. All attendees must be prepared to devote their full attention to the MSC as if they were attending in person. This means that attendees must clear their schedules of all conflicts for the entire period of the MSC.[7] Attendees may not participate from a moving car or a public space.

6. All participants are expected to display the same level of professionalism and civility as they would at an in-person court proceeding. *See* CivLR 2.1; J. Burkhardt's Civ. Chambers R. § I.

///

---

[6] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

[7] MSCs are ordinarily scheduled for three hours but may last considerably longer.

**Self-Represented Parties**

In recognition of the difficulty that people can face when representing themselves in civil cases before a federal court—called proceeding *pro se*—the District Court for the Southern District of California has created a resource to assist *pro se* parties. These include a *pro se* handbook, an explanation of filing fees and other costs, a list of legal organizations that might possibly provide help, answers to frequently asked questions, copies of rules of procedures, and some model forms. These resources may provide a useful starting point understanding your case and navigating the court system.

You can access these materials through the Court's website by visiting https://www.casd.uscourts.gov/ and clicking on the banner titled "Representing Yourself."



*Pro se* litigants who are in custody can look for an additional link on the page directing them to a specific information packet regarding prisoner civil rights litigation.

All individuals using these resources should note that **they are NOT a substitute for legal advice from an experienced lawyer. The materials contained on this page are informational only, are not legal advice, and should not be considered as legal advice. Using information on this website does not create an attorney-client relationship**. This information is simply meant as a guide for *pro se* litigants in civil matters. Likewise, this material is intended only for individuals with cases in the U.S. District Court for the Southern District of California. The material may not reflect practices of other federal courts or state courts.