UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. SCHOENBECK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.:  23-cv-1635-RSH-JLB<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>[ECF No. 87] |

Before the Court is plaintiff Thomas Schoenbeck's motion for leave to file a third amended complaint. ECF No. 87. As set forth below, the Court denies the motion.

## I.      BACKGROUND

Plaintiff is a retired U.S. Army Colonel and Executive Director within the Senior Executive Service, with almost fifty years of uniformed and civilian federal government service. ECF No. 17 ¶ 4.1. Plaintiff filed this action *pro se* on September 6, 2023 pursuant to the Federal Tort Claims Act ("FTCA"), alleging failure to obtain informed consent, medical battery, and negligence against the United States in connection with an angiogram procedure that Plaintiff underwent in September 2019 at Navy Medical Center San Diego ("NMCSD"). ECF No. 1. Shortly thereafter, counsel appeared on Plaintiff's behalf; and on

February 20, 2024, Plaintiff through counsel filed his First Amended Complaint ("FAC"). ECF Nos. 6–8. The FAC included claims under the FTCA for failure to obtain informed consent, medical battery, negligence, and supervisory negligence. ECF No. 8. The allegations in the FAC are summarized in the Court's July 26, 2024 order. ECF No. 16 at 1–3.

Defendant thereafter moved to dismiss the FAC. ECF No. 10. On July 26, 2024, the Court granted the motion in part. ECF No. 16. Specifically, the Court dismissed Plaintiff's claim for supervisory negligence based on the "discretionary function exception" to the FTCA's waiver of sovereign immunity. *Id.* at 5–10. The Court denied the remainder of the motion to dismiss, and granted Plaintiff leave to file a second amended complaint. *Id.* at 14.

On August 5, 2024, Plaintiff filed his Second Amended Complaint ("SAC"), the operative pleading, which pleads claims for failure to obtain informed consent, medical battery, and negligence. ECF No. 17. On August 9, 2024, Defendant filed its Answer. ECF No. 18.

On September 19, 2024, the Court issued a scheduling order. ECF No. 28. The scheduling order provided, among other deadlines, that any motion to amend the pleadings must be filed by October 17, 2024; that all discovery requests must be served by January 17, 2025; and that fact discovery was to be completed by the Parties by March 14, 2025. *Id.* at 2.[1]

On July 10, 2025, the Court granted the motion to withdraw as counsel filed by Plaintiff's attorneys, based on a breakdown in communications, and absent objection by

---

[1] Thereafter, upon motions made by one or both Parties, the Court extended the deadline for completing fact discovery several times, to May 14, 2025, to June 26, 2025, and to September 5, 2025. ECF Nos. 42, 48, 61. On September 2, 2025, upon joint motion of the Parties, the Court further extended this deadline to October 10, 2025. ECF No. 72. The Court noted that this extension was only for the limited purpose of completing discovery already propounded. *Id.*

23-cv-1635-RSH-JLB

Plaintiff. ECF No. 60. From that point forward, Plaintiff has proceeded *pro se*. His filings have been made by his wife, Dr. Ava Grace, who states that despite Plaintiff's physical impairments, he remains cognitively capable of directing his legal case and has authorized her to file documents on his behalf.[2] *See, e.g.*, ECF No. 84 at 2.

On August 21, 2025, Plaintiff filed a motion for leave to amend his operative pleading. ECF No. 64. Although this motion was styled as a "motion for leave to file second amended complaint," the operative pleading was the SAC; in effect the motion was seeking to file a *third* amended complaint. The motion included a copy of a proposed amended pleading, styled as a second amended complaint. ECF No. 64-1.

On August 25, 2025, Plaintiff filed a document captioned as a "notice of withdrawal of mistakenly mailed amended complaint." ECF No. 66. In that document, Plaintiff advised that the previous filings "were erroneously mailed to the Chambers with errors," advised that "that submission" was being withdrawn, and stated that Plaintiff's wife had advised chambers by phone that "appropriate and corrected documents will be forthcoming directly to the Clerk's Office per Chamber Rules via Fedex." *Id.* at 1–2. Based on this advisal, the Court understood that any documents erroneously mailed to chambers in lieu of filing should be disregarded; however, the Court did not construe Plaintiff's advisal as withdrawing the filed version of the motion for leave to amend and its proposed amended pleading. Thus, the Court issued a briefing schedule on Plaintiff's motion for leave to amend [ECF No. 64], with due dates for opposition and reply briefs.[3] ECF No. 70. On September 12, 2025, Defendant filed an opposition to the motion. ECF No. 73.

---

[2]    On August 25, 2025, Dr. Grace filed a motion to proceed *pro se* as next friend for Plaintiff. ECF No. 67. On August 28, 2025, the Court denied the motion. ECF No. 68. "[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

[3]    Pursuant to Civil Local Rule 7.1 together the undersigned's Chambers Civil Procedures § III(B), both available on this Court's website, a party wishing to file a noticed

23-cv-1635-RSH-JLB

On September 25, 2025, the day before Plaintiff's reply brief was due, Plaintiff filed a motion to continue all deadlines in the case due to his hospitalization and incapacity. ECF No. 78. The same day, the Court entered an order continuing all deadlines by 30 days and setting a date for the Parties to submit a status report. ECF No. 79. On October 16, 2025, before the status report was due, the Court issued an order recognizing that the action was temporarily stayed pursuant to the Court's General Order No. 766, due to the government shutdown, and advising that the deadline for a status report would be reset after the shutdown.[4] ECF No. 81.

On December 13, 2025, Plaintiff filed a document advising that he had been discharged from the hospital on November 14, 2025, and reiterating that Plaintiff sought to file an amended pleading. ECF No. 84. This Court construed the request as advising that Plaintiff wished to resume briefing on Plaintiff's motion, made on August 21, 2025, to file the proposed pleading that Plaintiff had submitted on that date. Defendant having already filed an opposition, the Court set a further deadline for Plaintiff to file his reply. ECF No. 85.

---

motion must select a hearing date 35 days from the date of filing. Although the Court will not hold oral argument on that date unless separately ordered, the hearing date determines the due date for the opposition brief (14 days in advance) and reply brief (7 days in advance). Because Plaintiff was proceeding *pro se*, the Court, in lieu of rejecting Plaintiff's motion for lack of a hearing date, separately ordered a briefing schedule for Plaintiff's August 21, 2025 motion for leave to amend. The Court similarly issued a briefing schedule for Plaintiff's December 23, 2025 motion for leave to amend. The Court expects the Parties in the future to comply with the applicable Local and Chambers Rules.

[4]   U.S. District Court for the Southern District of California General Order No. 766, "Temporary General Order Staying Civil Matters Involving the United States as a Party," (Oct. 7, 2025) provided that unless otherwise ordered by an assigned district judge, all civil matters (except for civil immigration habeas corpus petitions) in which the United States is as party were stayed from October 1, 2025 pending restoration of funding to the Department of Justice. A subsequent General Order, No. 766-A (Nov. 21, 2025), states that except as otherwise ordered by the assigned judge, previous deadlines were extended for a period commensurate with the lapse in appropriations between October 1 through November 12, 2025.

23-cv-1635-RSH-JLB

On December 23, 2025, the due date for the reply brief, Plaintiff again filed a document requesting leave to amend, this time attaching a proposed amended pleading that was approximately twice the length of that accompanying his August 21, 2025 motion. ECF No. 87. The Court construed Plaintiff's filing as a withdrawal of his prior motion for leave and a new motion to amend. Accordingly, the Court set a briefing schedule on the motion. ECF No. 88. On January 20, 2026, Defendant timely filed an opposition. ECF No. 89. On January 27, 2026, Plaintiff timely filed a reply. ECF No. 90.

The following order addresses Plaintiff's motion for leave to amend filed on December 23, 2025.

## II.   LEGAL STANDARD

Where a motion for leave to amend a pleading is filed after the deadline for amendment set in a scheduling order, Federal Rule of Civil Procedure 16 governs. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" focuses on the diligence of the party seeking an amendment. *Johnson*, 975 F.2d at 609. A district court may modify a pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citations omitted). If the party seeking to modify the scheduling order to amend its pleadings demonstrates good cause under Rule 16(b), then it must also demonstrate that the amendment is proper under Federal Rule of Civil Procedure 15 standards. *Id.* at 608.

Under Rule 15(a), a party may amend its complaint or counterclaims once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)); *see also U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[L]iberality

23-cv-1635-RSH-JLB

in granting leave to amend is subject to several limitations.") (internal quotation marks omitted).

When determining whether to grant leave to amend, courts generally consider five factors, known as the *Foman* factors as set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962). These factors include: (1) undue delay; (2) bad faith on the part of the party seeking leave to amend; (3) undue prejudice to the non-moving party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the pleading. *Foman*, 371 U.S. at 182; *see Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Among these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." *Pisciotta v. Teledyne Indus.*, 91 F.3d 1326, 1331 (9th Cir. 1996). A court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

## III.   ANALYSIS

Plaintiff's operative motion to amend was filed on December 23, 2025, over two years after the filing of this lawsuit (on September 6, 2023), over one year beyond the deadline (of October 17, 2024) contained in the relevant Rule 16 scheduling order for filing such a motion, and approximately 11 months beyond the deadline (January 25, 2025) for propounding discovery requests. *See* ECF Nos. 1, 28, 72, 87. The Court considers whether there is good cause for this delay.

The Court notes at the outset two circumstances that make it more difficult for Plaintiff to carry his burden here. First, the proposed pleading does not purport to be complete in and of itself. Instead, it recites that Plaintiff "incorporate[s] by reference the

factual allegations set forth in the Second Amended Complaint (SAC) and the exhibits cited therein," but that "[t]o the extent of any inconsistency, the allegations of this Third Amended Complaint control." ECF No. 87-1 at 28. This is not only inconsistent with an amended pleading, but it also renders Plaintiff's operative factual allegations and claims indeterminate. For purposes of the analysis that follows, the Court will disregard this statement of incorporation by reference, and construe ECF No. 87-1 as the entirety of Plaintiff's proposed pleading.

Second, the question of good cause for delay in seeking amendment depends in part on the nature of that amendment—including the similarities and differences between the operative pleading and the amended pleading. In order to elucidate these differences, Civil Local Rule 15.1 requires that a motion to amend "be accompanied by … a version of the proposed amended pleading that shows – through redlining, underlining, strikeouts, or other similarly effective typographic methods – how the proposed amended pleading differs from the operative pleading." CivLR 15.1(c). *See also* Chambers Civ. Proc. § III(I). Plaintiff's motion takes note of this requirement but asks that any redline requirement be excused at this stage in light of his circumstances. ECF No. 87 at 4. Although the Court excuses the lack of a redline, Plaintiff's motion to amend nonetheless fails to articulate *what* is materially different, in his view, about the claims in his proposed pleading relative to the SAC. Plaintiff's motion simply states that the proposed pleading "incorporates newly discovered medical evidence, clarifies causation related to the angiogram-induced stroke, and updates allegations based on facts learned after the filing of the original motion," referring to the motion to amend he made on August 21, 2025, that was superseded by his present motion. *Id.* at 3–4.

In arguing that "good cause" exists for the delay, Plaintiff contends first that "[s]ince the filing of the original motion for leave to amend, Plaintiff experienced prolonged hospitalization for pneumonia, respiratory instability, severe pain, and escalating neurological symptoms. Plaintiff was discharged on November 14, 2025." *Id.* at 2. In referring to the filing of the original motion for leave to amend," Plaintiff is again referring

23-cv-1635-RSH-JLB

to his motion filed on August 21, 2025. The issue here, however, is not whether Plaintiff was diligent in revising his August 21, 2025 motion to amend and the proposed pleading submitted with that motion. Instead, the issue is whether Plaintiff—and Plaintiff's counsel, during the period that counsel represented Plaintiff in this case—were diligent in filing a motion to amend far beyond the October 17, 2024 deadline provided in the Court's scheduling order. Plaintiff has not provided evidence supporting a delay of that duration.

Plaintiff also argues "good cause" for delay based on his discovery of new evidence, following his discharge from the hospital on November 14, 2025:

> On the date of discharge, Plaintiff underwent an FDG-PET/CT brain scan at Cedars-Sinai Medical Center. The PET scan revealed widespread cortical hypometabolism inconsistent with classical ALS and suggesting of overlapping neurodegenerative disease and confirmed a photopenic region corresponding to Plaintiff's prior posterior cerebral artery infarct. This objective evidence was not available at the time of earlier pleadings and materially affects causation, damages, and expert analysis.

*Id.* However, the fact that Plaintiff recently became aware of information does not, without more, justify late amendment of his pleading; absent from the motion are (1) a precise articulation of any new theory of liability or damages, (2) an adequate explanation of how the newly discovered information supports that theory, and (3) a justification for why the new theory could not have been advanced earlier in the exercise of reasonable diligence.

In the absence of guidance from Plaintiff's motion, the Court turns to Plaintiff's proposed pleading itself. Among the multiple changes in that pleading relative to the SAC, the proposed pleading appears to introduce new allegations relating to the interaction between Plaintiff's military service, his angiogram, his stroke, and his neurodegenerative disease, including that: (1) Plaintiff's service-related exposures created elevated risks of stroke and amyotrophic lateral sclerosis ("ALS"), which were not disclosed to Plaintiff prior to his angiogram; and (2) Plaintiff's angiogram-induced stroke in turn caused, accelerated, or exacerbated the progression of his neurodegenerative disease. *See* ECF No. 87-1 at 2, 3, 8–9, 11, 21, 24, 29, 58. Plaintiff's proposed pleading adds citations to

published studies that Plaintiff describes as acknowledging that toxic exposure, and trauma such as strokes, can accelerate the progression of ALS and other neurodegenerative diseases. *See id.* at 3, 10–11, 19-20, 39, 41, 58–59, 66. The proposed pleading asserts that the November 14, 2025 brain scan provides "objective metabolic confirmation" that the "injury model" contained in those studies are "applicable to the Plaintiff." *Id.* at 11. But even looking to the proposed pleading to furnish analysis that is missing from Plaintiff's motion to amend, Plaintiff does not adequately explain *how* the brain scan results confirm his model of injury. Additionally, the proposed pleading does not address why Plaintiff, his counsel, and/or any medical experts they chose to consult, did not previously review the medical literature or explore the connection between Plaintiff's service-related exposures, stroke, and neurodegenerative disease. In short, despite the recent brain scan, Plaintiff has not carried his burden of showing reasonable diligence in pursuing this theory.[5]

Furthermore, the proposed pleading contains other amendments which Plaintiff does justify based on newly discovered evidence. For example, the proposed pleading contains numerous allegations intended to respond to the Court's ruling from July 26, 2024 that the supervisory negligence claim in the FAC was barred under the discretionary function exception. *See* ECF No. 16 at 5–10 (order addressing discretionary function exception); ECF No. 87-1 at 30–33 (section within proposed pleading entitled "discretionary function exception does not apply"). These amendments do not purport to be based on newly discovered evidence. As another example, the proposed pleading includes a claim under the Americans with Disabilities Act and/or the Rehabilitation Act, alleging that in 2019, Plaintiff's neurological impairments were emerging but Defendants failed to accommodate them. *See* ECF No. 87-1 at 56. Plaintiff does not explain why he did not or could not bring

---

[5]    The proposed pleading cites other records, beyond the November 14, 2025 brain scan, that Plaintiff recently discovered. *See, e.g.*, ECF No. 87 at 4–5. The proposed pleading does not identify when Plaintiff became aware of these records.

23-cv-1635-RSH-JLB

this claim earlier. As a further example, the proposed pleading includes a new claim for loss of consortium, *id.* at 60–62, while the SAC alleged loss of consortium as an element of damages rather than as a standalone claim. *See* ECF 17 ¶ 7.5. In short, these amendments are not tailored to the evidence that Plaintiff identifies as newly discovered, but appear to reflect a more general reconceptualization of Plaintiff's claims.

Finally, Plaintiff's motion states in conclusory terms that good cause exists as "prior counsel failed to preserve discovery deadlines." ECF No. 87 at 3. Plaintiff's motion does not elaborate, but the proposed pleading appears to fault his counsel for "failure to extend the written discovery window after unilaterally 'pausing' discovery without Plaintiff's knowledge or content in January 2025." ECF No. 87-1 at 6. This misapprehends the posture of the case. The January 17, 2025 deadline for serving discovery requests was not a pause unilaterally imposed by Plaintiff's former counsel; it was instead a deadline set by Court order.

Considering the proposed pleading as a whole relative to the SAC, Plaintiff has not met his burden to establish "good cause" for the delay in seeking amendment at this stage, as required by Rule 16(b).

The Court would reach the same result under a Rule 15(a) analysis, and exercise its discretion to deny leave to amend. Plaintiff has already amended his pleading more than once. Although the Court finds no bad faith on Plaintiff's part, for the reasons discussed above there is undue delay in Plaintiff's request for leave to amend. Granting Plaintiff's request at this late stage would result in significant prejudice to Defendant. This lawsuit was filed well over two years ago, and the deadline for propounding discovery requests lapsed over a year ago. To introduce Plaintiff's proposed pleading at this stage would mean further motion practice on the pleadings and reopened and potentially repetitive discovery.[6] At the same time, Plaintiff has an operative pleading, the SAC, with claims that survived a

---

[6]    The Court makes no findings on the futility of the proposed amendments.

motion to dismiss. The Court acknowledges that Plaintiff is dissatisfied that he and his attorneys did not earlier pursue the additional causal theory that Plaintiff would now like to explore and develop. In the Court's view, however, it is too late to start over with the pleadings.

This Order expresses no view on the degree to which Plaintiff's new theories are consistent with the allegations in the SAC. Nor does this Order address the admissibility of particular evidence at trial.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion to amend [ECF No. 87] is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 3, 2026

Hon. Robert S. Huie
United States District Judge

23-cv-1635-RSH-JLB