UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

THOMAS J. SCHOENBECK,
Plaintiff,
v.
UNITED STATES OF AMERICA,
Defendant.

Case No.: 23-cv-1635-RSH-JLB

**ORDER ON MOTION FOR STAY**

[ECF No. 110]

On July 19, 2026, the Court received a submission from Plaintiff's spouse, Dr. Ava Grace, entitled "Motion to Temporary Stay Proceedings and Defer Ruling Following Plaintiff's Death." ECF No. 110. The filing notifies the Court that Plaintiff died on July 10, 2026 and requests a temporary stay of proceedings to permit the substitution of a proper party. *Id.* at 3–4. The Court construes Dr. Grace's submission as a suggestion of death on the record under Federal Rule of Civil Procedure 25(a)(1).

"Federal Rule of Civil Procedure 25 establishes the process for moving forward after a party to a civil action has died." *De Los Reyes v. Walmart, Inc.*, No. 24-CV-1319 JLS (KSC), 2025 WL 1908327, at *1 (S.D. Cal. July 9, 2025); *see Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

Under Rule 25(a)(1):

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Rule 25(a)(1) "requires two affirmative steps in order to trigger the running of the 90 day period." *Barlow*, 39 F.3d at 233. "First, a party must formally suggest the death of the party upon the record." *Id.* "Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id.* Specifically, the suggestion of death "must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3).

Dr. Grace's submission specifically requests that the Court "[t]ake notice that Plaintiff Thomas J. Schoenbeck passed away on July 10, 2026." ECF No. 110 at 3. The Court therefore construes the filing as a suggestion of death under Rule 25(a)(1). *Jackson v. Rowlett*, No. CIV S-04-0741 DFLDAD, 2007 WL 397114, at *1 (E.D. Cal. Jan. 31, 2007) ("Rule 25's sole requirement concerning the content of a suggestion of death on the record is that it must contain a statement of the fact of the death.") (internal quotation marks omitted). Because Dr. Grace herself filed the submission, the Court concludes the filing and service requirements necessary to trigger Rule 25(a)(1)'s ninety-day substitution period therefore have been satisfied. Accordingly, the ninety-day period was triggered on July 19, 2026. Because the ninety-day substitution period was triggered on July 19, 2026, any motion for substitution must be filed by **October 19, 2026**. *See* Fed. R. Civ. P. 25(a)(1).

///

///

///

///

///

The Court **DENIES** the motion to stay [ECF No. 110] without prejudice to refiling by a proper party.

**IT IS SO ORDERED**.

Dated: July 27, 2026

Hon. Robert S. Huie
United States District Judge